## PHILIP BLAKE *vs.* NICHOLAS BURKE.

*Removal of a Prisoner from one County to another, adjoining, without a Writ—Evidence: Assault and False imprisonment—Motive and probable Cause—Res gestæ.*

A prisoner committed on a legal warrant, in one county in this State, may be removed to an adjoining county by the sheriff thereof without writ, or other special authority in writing, from a judicial officer.

In a suit for assault and false imprisonment certain evidence was held admissible to show motive, and probable cause, and as part of the *res gestæ* under the circumstances of the case.

APPEAL from the Superior Court of Baltimore City.

The facts are sufficiently stated in the opinion of the Court. The verdict and judgment were for the defendant, and the plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*D. C. H. Emory* and *J. T. Ensor*, for the appellant.

The demurrer should have been ruled good; because the direction of the State's attorney for Baltimore County, did not authorize and empower (legally) the sheriff of Baltimore County to receive the appellant from the officer in charge of the city jail, and confine him in the County jail, the appellant being arrested for a violation of law in Baltimore City, and being committed to the city jail by a justice of the peace of Baltimore City.

*R. R. Boarman*, for the appellee.

The demurrer was properly overruled. The plaintiff was under arrest in Baltimore City for a crime. The

action of the defendant was simply a transfer of the plaintiff from Baltimore City to Baltimore County jail. He was not entitled to be discharged. He was under the control of the State's attorney of Baltimore County, as soon as it was ascertained that the crime for which he was arrested, was committed in Baltimore County. It shows that there was probable cause denied in the plaintiff's declaration, and the demurrer was therefore properly overruled. *Perryman vs. Lister,* 3 *Exch. Law R.,* 197; *Yingling vs. Hoppe,* 9 *Gill,* 310.

Surely the defendant, who transferred him from the city jail to the Baltimore County jail, under the direction, verbal or written, of the State's attorney, under the circumstances in this case, could not be liable. There was good cause for his actions outside of the commitment of the justice, of the plaintiff for felony, The State of Maryland, through its officer, ordered and directed the transfer.

The plaintiff's prayers were properly rejected. They were all based upon the erroneous *idea,* that there must be a warrant from some judicial officer, before a party can be arrested without being liable to an action for false imprisonment, which in many cases would render the law futile—the felon escaping before the warrant could be obtained. It is obvious that the prayers do not properly state the law. Probable cause for arrest is sufficient. *Perryman vs. Lister,* 46 (*L. J.,*) *Exch.,* 166; *Jones vs. Howell,* 38 (*L. J.,*) *Exch.,* 19.

Bowie, J., delivered the opinion of the Court.

This appeal involves the right of a sheriff of one county, to take or receive from the sheriff of another county or city, without writ or other special authority in writing, from some judicial officer, a prisoner committed to custody, to be detained until discharged by due course of law.

The appellant sued the appellee, (late sheriff of Baltimore County,) for seizing, forcing and compelling him to the jail of Baltimore County. 2nd. for, whilst sheriff of said county, and having charge of the jail thereof, having assaulted the appellant, and wrongfully seized and imprisoned him.

To which, the appellee pleaded, that he did not commit the wrongs alleged ; and for a second plea, " that the plaintiff was arrested in the City of Baltimore, for violation of law, and incarcerated in the Baltimore City jail, and held by the authorities of said city jail, for the authorities of Baltimore County, and as sheriff of Baltimore County, he received the plaintiff from the officer in charge of the said city jail, under the direction of the State's attorney of Baltimore County, and lodged the plaintiff in the jail of Baltimore County, as he was required to do."

The appellant took issue on the first plea, and demurred to the second ; in which demurrer, the defendant having joined, the same was overruled, and the parties proceeded to trial on the issues of fact, without withdrawing the demurrer. The appellant having offered evidence, tending to prove that the appellee, held the appellant in his custody as sheriff of Baltimore County, and held him under a commitment of a justice of the peace of Baltimore City, directed to the warden of Baltimore City jail ; the appellee offered to prove that the appellee removed the appellant from the city jail to the county jail, by the direction of the State's attorney of Baltimore County, to which evidence the appellant objected, but the Court overruled the objection and allowed the evidence to go to the jury, to which ruling and admission the appellant excepted, which forms the subject of the first exception.

The appellant having closed his case, the appellee offered to read the commitment of the justice of the peace and *the endorsements thereon ;* to which the appellant

objected; the Court overruled the objection and permitted the evidence offered to go to the jury; to which the appellant excepted, which forms the second exception.

The appellee then proposed to give in evidence to the jury, a letter from the warden of Baltimore City jail, to the State's attorney for Baltimore County; and also proprosed to give in evidence, a conversation between the clerk of the jail and the appellee, at the time of his receiving the appellant, but out of his presence and hearing; and also offered in evidence a letter of the State's attorney for Kent County to the warden of Baltimore City; to the admission of each of which items of testimony, the appellant objected and the Court having overruled his objections, the appellant excepted, which constitute the subjects of the appellants third, fourth and fifth exceptions. The appellant then offered four prayers, and the appellee three.

The Court rejected all the appellant's prayers, and one of the appellee's and granted two of the appellee's; which action of the Court is the subjects of the appellant's sixth exception. The prayers of the appellee, present propositions founded on the evidence offered by him and excepted to, and declare if the facts offered in evidence are found by the jury to be true, the appellant is not entitled to recover. The appellant's prayers are the converse of the appellee's, and virtually submit the same questions.

The special plea of the appellee, which was sustained on demurrer, is a brief statement of the material facts, offered in evidence and referred to in the prayers; so that in examining the question arising on the demurrer, we must necessarily, dispose of all that is material to be considered.

The gist of the plea and of the evidence offered on the part of the defence was, that the plaintiff was arrested in the City of Baltimore for violation of law, and imprisoned in Baltimore City jail, and so held by the city authorities, for the authorized authorities of Baltimore County, and

as sheriff of Baltimore County, the defendant received the appellant from the officer in charge of the city jail, under the directions of the State's attorney of Baltimore County, and lodged the appellant in the jail of that county.

The commitment, offered in evidence by the appellant, shows that the plaintiff was arrested and committed to the jail of Baltimore City, for assaulting and cutting with a knife, in default of bail, to await the action of the authorities, of *Kent County, Maryland,* on the 8th of July, 1871, by Sam. Jordan, (J. P.,) and that commitment was underwritten, "transferred to Baltimore County authorities July 18th, 1871."

So, that no question arises as to the legality of the original arrest, but the illegality, (if any) consists in the transfer or removal of the prisoner without lawful authority.

From an examination of the English authorities, it would seem that prisoners were removed from one place of imprisonment, to another, by writ of "*habeas corpus ad subjiciendum,*" issued at the instance of the crown.   *Bac. Abridg't, Tit. Habeas Corpus; Watson's Duty and Office of Sheriff, Tit. Gaoler,* 43, *(mar.)*

No statutory provision on this subject appears to have been made in this State, until the Act of 1809.

That Act (1809, ch. 125,) regulating the issuing of "*habeas corpus,*" as codified in Art. 43, Public General Laws, sec. 16, enacts:   "No citizen of this State committed to the custody of an officer for any criminal matter, shall be removed from thence into the custody of another officer, unless it be by *habeas corpus* or other legal writ, *except* where the prisoner shall be delivered to a constable or other inferior officer to be carried to some common jail, or *shall be removed from one place, to another, within the said county* or *an adjoining county,* in order *to his discharge* or *trial in due course of law.*"   By the exception, which embraces the case before us, the necessity for a writ, for

4							v. 42.

the removal of a prisoner from one county to another adjoining, is dispensed with, and no mode is prescribed, leaving it to the officers of the law, to adopt such other evidence of the legality of the arrest, as existed in the case, which, in most instances, is a copy of the original commitment with the endorsements thereon.

That the sheriff was the proper person to receive prisoners, to be tried in Baltimore County, cannot be questioned ; it was his duty "*virtute officii;*" the offer to prove he acted under the direction or advice of the State's attorney of his county, was wholly unnecessary, but did not in any measure invalidate his act. The admission of such testimony, was not detrimental to the appellant, and therefore not erroneous.

In the second bill of exceptions, the original commitment by Mr. Jordan, J. P. of Baltimore City, was offered in evidence by the appellee, with its memorandum subscribed.

This evidence was clearly admissible, being necessary to show the appellant was legally in custody ; and though originally committed to await the action of the authorities of Kent County, that he was transferred to the authorities of Baltimore County. The reference to the authorities of the county, was not a material part of the commitments ; he was to be delivered according to law, to the sheriff of whatever county, his offence was committed in.

The testimony offered by the appellee, and excepted to by the appellant, in his third, fourth and fifth exceptions, although not necessary to the appellee's defence, tended to show, he was acting in discharge of his official duty, under the directions of the State's attorneys for the counties of Kent and Baltimore, and was not interfering wantonly, with the person of the appellant. It was therefore admissible on the question of motive, or probable cause.

The conversation, which was the subject of the third exception, is not set forth in that bill of exception, and

therefore it cannot appear to the Court, whether it was such, as could have prejudiced the appellant. If, however, as seems probable from a reference in the sixth bill of exceptions, to the third, it was the appellee's remark to W. H. H. Turner, clerk of the city jail, that "the State's attorney had directed him to take the prisoner," etc., when the witness gave him an order for the prisoner and took his receipt, it was admissible as part of the "*res gestæ.*" Finding no error in the several rulings of the Court below, the judgment is affirmed.

*Judgment affirmed.*

(Decided 11th March, 1875.)

