# DENNIS WISE *v.* STATE OF MARYLAND

[No. 508, September Term, 1975.]

*Decided February 2, 1976.*

The cause was argued before THOMPSON, MOORE, MELVIN and MASON, JJ.

*Joseph P. Rieger, Assigned Public Defender,* for appellant.

*Alexander L. Cummings, Assistant Attorney General,*

with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *John Prevas, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Dennis Wise, the appellant, was convicted by a jury in the Criminal Court of Baltimore of sodomy and common law assault. He was sentenced to concurrent ten year terms, both sentences to be served consecutively to a sentence currently being served. From these judgments Wise appeals.

On May 22, 1974, a detainer covering these charges was filed at the Maryland State Penitentiary against Dennis Wise. Two days later Neal J. Folse, a classification counselor at the penitentiary, visited Wise in the segregation wing, where he was committed on an unrelated charge, for the purpose of informing him of the detainer lodged against him and any rights that accrue therefrom. While Mr. Folse could not recall his exact conversation with Wise, the classification counselor did give the appellant a standard intrastate detainer notification form and informed him that he had thirty days to demand a speedy trial, which would insure such trial within 120 days. The appellant was informed that if he signed the form that would be all that was required of him, but that it was not necessary to sign at that exact time. Wise declined to sign until he had consulted with an attorney. Folse then left a copy of the form and told Wise to notify him if the appellant wanted an attorney. The form made no mention of the necessity to file an inmate status form. On May 31, 1974, a letter was received by the Clerk of the Criminal Court of Baltimore from the appellant stating that the detainer had been placed against him and he was requesting an immediate trial in accordance with *Md. Code,* art. 27, § 616S. There was no inmate status form enclosed in the letter. A notation in the Clerk's file indicates that a copy of this letter was given to the State's Attorney and the Criminal Assignment Office on the same day. A subsequent motion requesting a trial under "Article 27, Section 616S of The Annotated Code" was filed with the

Clerk of the Criminal Court of Baltimore on June 27, 1974. On August 27, 1974 the case was removed by the Criminal Assignment Office and reset for October 30, 1974. A hearing supporting this decision was not held in open court with the appellant or his attorney present. Arguments on the motion under the Intrastate Detainer Act were heard on December 9, 1974 and the request to dismiss the indictments was denied. On February 11, 1975 Wise was convicted.

If, as appellant contends, the 120 day time period began to run on May 31, 1974, he was required to be tried no later than September 28, 1974. Since the continuance on August 27, 1974 was not held in open court it does not stay this time period. *Gardner v. State*, 29 Md. App. 314 (1975). The question then is whether the receipt of the inmate status form by the appropriate court and State's Attorney is a condition precedent necessary for bringing the provisions of art. 27, § 616S into play.

Art. 27, § 616S (a) provides that:

"Whenever the Department of Correction receives a detainer against any prisoner serving a sentence in any correctional institution under the jurisdiction of the Department or whenever any county or city jail receives a detainer against any prisoner serving a sentence in the county or city jail any such prisoner shall be brought to trial within 120 days after the request of the prisoner for final disposition of the indictment, information, or complaint has been delivered to the State's Attorney of the City of Baltimore or of the county in which the indictment, information, or complaint is pending and to the appropriate court; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiciton of the matter may grant any necessary or reasonable continuance. *The request of the prisoner shall be filed within 30 days of the prisoner's notification of any untried indictment, information, or complaint and shall be ac-*

> *companied by a statement from the warden or superintendent having custody, setting forth the term of the commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the date of parole eligibility of the prisoner, and any decisions of the Board of Parole and Probation relating to the prisoner.* The written notice and statement provided herein shall be delivered by certified mail." (Emphasis added).

Failure to comply with this by the State results in a loss of jurisdiction by the trial court. Art. 27, § 616S (c).

In *State v. Barnes,* 273 Md. 195, 328 A. 2d 737 (1974), the Court of Appeals stated that the "failure in § 616S [Intrastate Detainer Act] to provide that the statute shall be 'liberally construed so as to effectuate its purpose,' as is provided in § 616J [Interstate Detainer Act] is [not] here material since both statutes at the time of enactment were common in derivation and purpose, were remedial in nature, designed to correct existing law, to redress existing grievances and to introduce regulations conducive to the public good; as such they are to be liberally construed in order to advance the remedy and obviate the mischief." *Id.* at 208. The mischief, at which these statutes take direct aim, is an unnecessary delay between the filing of a detainer against an inmate and final disposition of that detainer. In order to redress the existing grievances, the operative state officials are charged with taking the necessary steps to bring the pending case to trial, once their attention has been brought to the inmate's request for such action. *Barnes, supra.*

*King v. State,* 5 Md. App. 652, 249 A. 2d 468 (1969), held that the 120 day time limit could not be invoked where the other provisions of the statute had not been complied with, no matter whether the fault lay with the warden or the inmate. The proper statutory procedure, as indicated by *King,* is for the warden to inform the inmate of the detainer; the prisoner then make a request in writing for final

disposition of the indictment and deliver it to the warden; then the warden deliver the request and his statement to the State's Attorney and the appropriate court. The Court of Appeals indicated in *Barnes, supra,* however, that the holding in *King* was limited to those situations in which there has been utter disregard for the statutory procedure and that *King* therefore should not be construed to require a strict construction of § 616S. *Davis v. State,* 24 Md. App. 567, 577, 332 A. 2d 733 (1975). Neither the State's Attorney nor the appropriate court, in that case, had actual knowledge that the inmate was demanding a speedy disposition of the detainer against him under § 616S. A general motion for a speedy trial and an attempt to invoke a statutory speedy trial are not the same. In this regard the case at bar differs.

Appellant's motion, received by the Criminal Court of Baltimore and the State's Attorney on May 31, 1974, was admitted into evidence. It reads:

> "Dear Sir:
>
> "I regret to impede on your time, knowing that your time is most monopolized by important legal matters. I am presently contacting you as a result of a detainer notification that I received on May 23, 1974. The stated charge on the detainer is sodomy. The detainer was placed by the Sheriff of Baltimore City.
>
> "In accordance with Article 27, Section 616S, of the Annotated Code of Maryland, I am hearby filing a motion for an imediate trial for final disposition of the above stated charge. Thank you for your time.
>
> Respectfully yours,
>
> /s/ Dennis D. Wise #111093"

The indictment number was inserted by the Clerk of the Court.

Where the State's Attorney and court have been amply informed of the inmate's intention to invoke § 616S it is

mandatory for them to take the appropriate action. This they failed to do. The somewhat technical requirement of having the institution file the inmate status form should not prevent the inmate from invoking his rights where he has made his demands clear. We hasten to add, however, that our decision today should in no way be interpreted to allow a prisoner to knowingly fail to comply with all the statutory requirements for the purpose of ambushing the authorities. This case, however, is not one in which Wise wanted his demand to be on file and did not want anyone to know it was a proceeding under the Intrastate Detainer Act. *Compare Ekis v. Darr*, 217 Kan. 817, 539 P. 2d 16 (1975) and *State v. Savage*, Mo. App., 522 S.W.2d 144 (1975). Where, however, the proper authorities have actual knowledge of the inmate's intention they cannot ignore the demand because of a technical deficiency. We do not find it too great a burden to require the State to either proceed with the disposition of the case or inform either the inmate or the institution of the deficiency.

As pointed out, *Barnes* states that the applicability of each of the statutes is predicated upon the delivery of his written request, with accompanying statements from the warden, to the State's Attorney and the court where the charge is pending, that a final disposition be made of that charge. *Barnes, supra* at 209; *see also Davis v. State, supra.* Generally it is easier for the inmate to simply notify the warden of his intentions, in which case it becomes the duty of the warden to send this notice and the appropriate forms to the State's Attorney and appropriate court. Obviously this was not the procedure taken in this case. To assess fault for this, however, to the inmate who had no knowledge of the inmate status form and thus preclude the inmate of his rights would contradict the philosophy of the Intrastate Detainer Act as expressed in *Hoss v. State*, 266 Md. 136, 292 A. 2d 48 (1972) and *Barnes, supra,* when the State's Attorney and appropriate court have actual knowledge of the request.

The purpose of the inmate status form is somewhat cloudy. The wording of § 616S (a) is similar to § 616D (a). With regard to the Interstate Act the inmate status form

would be helpful in aiding the prosecuting attorney's decision whether to initiate costly extradition proceedings. The value of this form is not so evident when the inmate is already incarcerated in the state. The same information is much more accessible to the prosecutor when the Intrastate Act is being invoked. Obviously it is convenient to have all information concerning the inmate in one file, and it should be submitted in accordance with the statute, but this reason alone should not preclude the inmate of his rights where he complied with the other requirements of the statute. It should not be a condition precedent to invocation of his rights.

In the instant case Wise was in segregation. The form given to him stated only that he had thirty days in which to file for an immediate trial. It did not state that he should inform the warden in order to invoke this right, nor was there any testimony that he was ever specifically so informed. Under these circumstances we can find no inference of any attempt on the part of Wise to create or ignore any deficiencies in his demand. We do find, however, that a duty to dispose of the case within 120 days was placed upon the State's Attorney and the court, after receipt of the inmate's written request under § 616S. They failed in this regard. We, therefore, reverse the judgment and remand the case for dismissal of the indictment with prejudice.

In view of our decision we do not reach the other questions raised by the appellant.

*Judgments reversed.*
*Case remanded for further pro-*
*ceedings.*