■ In the Matter of BURNETT AMIGER, Also Known as ROBERT L. THOMAS, Appellant, v ROBERT J. LONG, as Inmate Records Coordinator of Ogdensburg

Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered July 20, 1983 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to cease giving any force or effect to Florida warrants lodged against petitioner as detainers. ¶ On May 11, 1982, while he was incarcerated at Attica Correctional Facility, petitioner was given written notice pursuant to the Interstate Agreement on Detainers (CPL 580.20) (hereafter IAD) that warrants from the Circuit Court of Pinellas County, Florida, had been filed against him. Petitioner alleges, and it appears from the record, that shortly thereafter he sent written notice pursuant to article III (subd [a]) of the IAD to the inmate records coordinator (coordinator) at Attica requesting final disposition of the Florida charges. Petitioner was then transferred to Great Meadow Correctional Facility, from where he wrote to the coordinator at Attica inquiring whether Florida had been notified of his request for final disposition. By letter dated June 16, 1982, the coordinator at Attica informed petitioner that she did not believe that Florida had yet been informed and that his letter was being forwarded to the head clerk at Great Meadow for processing. ¶ Petitioner was then transferred to Clinton Correctional Facility. In August, 1982, having heard nothing about his request in the interim, petitioner inquired of the coordinator at Clinton. By letter dated September 1, 1982, petitioner's attorney was informed that petitioner's file did not include any papers concerning disposition of the Florida warrants and that appropriate action would be taken if petitioner filed a request with the coordinator's office. Petitioner did not do so on his attorney's advice. Petitioner then commenced this proceeding for a judgment directing respondents to cease giving any force or effect to the Florida warrants. Special Term dismissed the petition and we affirm. ¶ The IAD is an interstate compact, to which New York and Florida are signatories (see McKinney's Cons Laws of NY, Book 11A, CPL 580.20 [1983-1984 Supp], p 64), designed to standardize interstate rendition procedures which preserve an accused's right to speedy trial when the accused is an inmate in another jurisdiction (see, e.g., Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 580.20, p 135). An inmate may, through his actions, waive the benefits of the IAD (see, e.g., *People v Torres,* 91 AD2d 1005, 1006; *People v Primmer,* 59 AD2d 221, affd 46 NY2d 1048). ¶ The IAD requires that the prisoner's notice of the place of his imprisonment and request for a final disposition be in writing (CPL 580.20, art III, subd [a]). This requirement is not an idle formality, for the written notice and request must be promptly forwarded to the appropriate official and court in the receiving State by the official having custody of the prisoner in the sending State (CPL 580.20, art III, subd [b]). Thus, it is essential for the sending State to have a prisoner's written notice and request. Although respondents must shoulder some responsibility for their lack of diligence in processing petitioner's request, the several transfers of petitioner and his file in a short period of time after he sent his notice and request reasonably explain the failure to process petitioner's notice and request in a more timely fashion. We note that there is no suggestion that petitioner's transfers were designed to abrogate his rights under the IAD. Furthermore, petitioner was asked to supply written notice and request by the Clinton coordinator when a previous written notice and request could not be located. ¶ Petitioner's failure to respond with this request by the Clinton coordinator prevented compliance with the strict mandate of the IAD noted above. Accordingly, petitioner is not now entitled to the relief sought. Because respondents are to some extent responsible for this situation, however, petitioner should be permitted to submit in timely fashion the necessary notice and request to the appropriate official. ¶ Judgment modified, on the facts, without costs, by adding a provi-

sion thereto that the petition is dismissed without prejudice to a further request for final disposition under the interstate agreement on detainers. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.