THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL WALKER, Appellant.

Fourth Department, December 20, 1985

## APPEARANCES OF COUNSEL

*Rose H. Sconiers (Michael C. Walsh* of counsel), for appellant.

*Richard J. Arcara, District Attorney (J. Michael Marion* and *John J. DeFranks* of counsel), for respondent.

## OPINION OF THE COURT

CALLAHAN, J.

This appeal concerns a motion to dismiss an indictment upon the ground that defendant was not brought to trial within the 180-day period mandated by the Interstate Agreement on Detainers (CPL 580.20 [III] [a]; hereafter IAD).

Defendant was indicted on December 15, 1981 on three counts of burglary in the third degree (Penal Law § 140.20), one count of criminal possession of stolen property in the first degree (Penal Law § 165.50), and one count of criminal possession of stolen property in the second degree (Penal Law § 165.45 [1]). He was notified of the pending charges against him on February 18, 1982, while an inmate at the State Correctional Institution in Pittsburgh, Pennsylvania. This notice was served in compliance with the provisions of the IAD to advise that a detainer had been lodged against him based upon a New York indictment charging him with burglary of a residence in the City of Buffalo. On that same date, defendant signed a waiver of extradition form pursuant to CPL 580.20 (III) (a) requesting that he be returned to New York for final disposition of these charges. The defendant gave the signed forms to the records officer at the Pennsylvania correctional facility. The defendant's request for a final disposition of the New York indictment was confirmed by a letter from the Commissioner of the Pennsylvania Bureau of Correction to the Erie County District Attorney's office. On March 2, 1982 the District Attorney sent a completed form 5 (Request

for Temporary Custody) to the Superintendent of the Pittsburgh facility and also forwarded a completed form 6 (Evidence of Agent's Authority to Act For Receiving State) to the Commissioner of the New York State Department of Correctional Services. On March 15, 1982, the New York State Correction Department mailed copies of form 6 to the Erie County District Attorney and forwarded a copy to the Superintendent of the Pittsburgh facility.

On May 24, 1982, when defendant had not yet been returned to New York, an assistant Erie County District Attorney telephoned Pittsburgh to inquire as to the reason for the delay. The officials in Pittsburgh explained that due to an administrative oversight on their part, they had not kept the original paper work and had failed to photocopy the back side of the form containing defendant's signature authorizing waiver of extradition. Subsequently, in a letter dated June 3, 1982, the Commissioner of the Pennsylvania Bureau of Correction confirmed their error and claimed, for the first time, that the "inmate ha[d] refused to sign another waiver or produce the original." By letter dated June 9, 1982, defendant wrote the Erie County District Attorney's office disputing this assertion and indicating his willingness to cooperate in all respects to expedite his extradition.

Defendant was returned to New York on June 23, 1982. On the following day, defendant was arraigned, in the absence of counsel. The People indicated their readiness for trial. The court assigned counsel and gave defendant 45 days for motions. On August 6, 1982, which was nearly two weeks prior to the expiration of the statutory 180-day period, defendant appeared in court with counsel who expressly waived all motions and indicated on the record defendant's desire for an "immediate trial".

On August 20, 1982, after the statutory time period had elapsed without defendant having yet been brought to trial, defendant brought this motion to dismiss the indictment pursuant to CPL 580.20. After a hearing on the motion, the court concluded that defendant's request for final disposition was "ineffective until it was 'delivered' by the defendant to the local authorities who were holding him. The refusal of the defendant to deliver the document to the local authorities in Pennsylvania violated the requirements of the statute and in fact constituted no notice because of lack of delivery", and that, in any event, the People were ready for trial within the statutory 180-day period. We disagree.

It is axiomatic that a defendant's right to a speedy trial is constitutionally guaranteed. The IAD is an interstate compact, to which New York and Pennsylvania are signatories, designed to standardize interstate rendition procedures which preserve an accused's right to a speedy trial when the accused is an inmate in another jurisdiction *(see, e.g.,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 580.20, p 233). Article (III) of the IAD provides that when a defendant is incarcerated in another State while an untried indictment is pending against him in New York, the defendant "shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment" (CPL 580.20 [III] [a]). The statute mandates a dismissal of the defendant's indictment where the People fail to bring the defendant to trial within the 180-day time period (CPL 580.20 [V] [c]). The statute does, however, provide for reasonable delays in two specific provisions: (1) "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance" (CPL 580.20 [III] [a]), and (2) "the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter" (CPL 580.20 [VI] [a]).

It is undisputed that defendant duly executed a request under CPL 580.20 (III) (a) and gave it to an appropriate prison official in Pennsylvania on February 18, 1982. Thus, the statutory 180-day period began to run on that date *(see, People v Torres,* 60 NY2d 119, 123) and the indictment was subject to dismissal unless the People tendered some justification for the delay in excess of that period *(see,* CPL 580.20 [V] [c]; *People v McBride,* 44 NY2d 1001, 1002). Here, the People concede that defendant was not brought to trial until September 20, 1982, some 34 days after the statutory 180-day time limitation, but contend that certain periods of time should be excluded from that computation and charged to defendant.

The People, relying on *Matter of Amiger v Long* (101 AD2d 616), seek to exclude that period of time when defendant allegedly prevented compliance with the strict requirements of the IAD by refusing to cooperate with prison officials in either producing the original signed forms or signing new

ones. County Court, based upon this alleged failure of cooperation, excluded the entire period between February 18, 1982 and June 24, 1982. We find no basis for this exclusion on this record. Once the prisoner has signed the appropriate forms under CPL 580.20, failure on the part of prison authorities to forward defendant's demand does not vitiate his right to a speedy trial *(People v McBride, supra,* p 1002). Here, over three months transpired between the time defendant signed the appropriate forms and the People inquired as to Pennsylvania's failure to return the defendant to New York. The People apparently concede that this time period is not chargeable to defendant as, on appeal, they seek only to exclude the 22-day period from May 24, 1982 (when they first learned of the photocopying problem) to June 14, 1982 (when they received defendant's letter indicating his willingness to expedite extradition).

Although an inmate may, through his actions, waive the benefits of the IAD *(Matter of Amiger v Long, supra,* p 617), on this record we find no time chargeable to the defendant. The defendant's responsibility is to provide prison officials with the required notice and request for disposition *(People v Diaz,* 94 Misc 2d 1010, 1013; *People v Esposito,* 37 Misc 2d 386, 393-394). The question of defendant's alleged refusal to cooperate and the claimed resultant delay were squarely presented at the hearing on defendant's motion to dismiss. Although defendant testified at such hearing, the People failed to ask him any questions with respect to his alleged refusal to cooperate, nor did they offer any evidence in support of this contention beyond the unsubstantiated hearsay assertion contained in the June 3, 1982 letter from the Pennsylvania prison authorities. Since the burden of tendering justification for delay is on the People (CPL 580.20 [III]; *People v McBride, supra,* p 1002), we conclude that the People failed to establish any refusal to cooperate on defendant's part that would justify any time being excluded from the statutory period.

Furthermore, we disagree with County Court that the People satisfied their obligation under IAD because they were ready for trial well within the 180-day statutory period. Unlike CPL 30.30, under which the People can satisfy their obligation by announcing their readiness for trial within the statutory time period *(see, People v Giordano,* 56 NY2d 524, 525; *People v Brothers,* 50 NY2d 413, 417), the Interstate

Agreement on Detainers requires that the accused "shall be brought to trial within one hundred eighty days" of his written demand under pain of dismissal of the charges (CPL 580.20 [III] [a]; [V] [c]; *People v McBride, supra,* p 1002). It is undisputed that defendant was not brought to trial until after the statutory 180-day period had expired. Moreover, while the statute does authorize the court to grant "any necessary or reasonable continuance" (CPL 580.20 [III] [a]), in this case the People never requested any such continuance even though they had every opportunity to do so *(cf. People v Chiofalo,* 73 AD2d 673).

Although the IAD permits the statutory period to be tolled when the defendant is "unable to stand trial" (CPL 580.20 [VI] [a]), we disagree with County Court that the statute was tolled during the 45-day period the court gave defendant to make pretrial motions. The record discloses that defendant was arraigned in the absence of counsel. Although the court gave defendant 45 days to make motions, defendant denies that he ever requested any adjournment for purposes of making motions. Where defendant is unrepresented by counsel and the consequences of the court's actions in granting 45 days for motions are not fully explained to him, we can find no intentional relinquishment or abandonment on defendant's part, of any known rights. Thus, we cannot agree that the court's actions in giving defendant 45 days to make motions constituted a waiver by defendant of his rights under the IAD *(cf. Johnson v Zerbst,* 304 US 458, 464). Further, the record indicates that no pretrial motions were ever made within this time period. Instead, on August 6, 1982, which was still within the statutory 180-day period, defendant appeared with counsel, expressly waived all motions and indicated his desire for an immediate trial.

Accordingly, we find no time chargeable to defendant, nor do we find that defendant elected not to assert or abandoned his rights under the IAD *(see generally, People v Torres, supra).* Thus, defendant's motion to dismiss should have been granted and the indictment dismissed.

DILLON, P. J., HANCOCK, JR., PINE and SCHNEPP, JJ., concur.

Judgment unanimously reversed, on the law and facts, defendant's motion granted, and indictment dismissed.