98

617 A.2d 1049

John Roland BROOKS, Jr.

v.

STATE of Maryland.

No. 46, Sept. Term, 1992.

Court of Appeals of Maryland.

Jan. 13, 1993.

Sherrie B. Glasser, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Annabell L. Lisic, Asst. Atty. Gen., on brief), Baltimore, for appellee.

Argued Before MURPHY, C.J., RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, ROBERT M. BELL and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (Retired) Specially Assigned, JJ.

RODOWSKY, Judge.

This case involves the Intrastate Detainers Act, Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 616S (IDA). Detainees who desire to invoke the IDA must deliver to the

"appropriate court" their requests for disposition of the untried charges. § 616S(b). The question presented here is which court is the "appropriate" one where the detainer is lodged based on a statement of charges issued by the District Court of Maryland, but the offense charged may be tried only by a circuit court.

Section 616S(b) provides, in relevant part:

"Whenever the Division of Correction[,] ... Patuxent Institution ... or ... any county or city jail receives notice of an untried indictment, information, warrant, or complaint against a prisoner ..., the prisoner shall be brought to trial within 120 days after he has delivered (1) to the State's Attorney of the City of Baltimore or of the county in which the indictment, information, warrant, or complaint is pending and, (2) to the appropriate court, his written request for a final disposition.... The request of the prisoner shall be accompanied by a statement from the [party] having custody of the prisoner, setting forth [details about the prisoner's commitment]."

██ On May 30, 1990, the petitioner, John Roland Brooks, Jr. (Brooks), was charged in the District Court of Maryland, sitting in Anne Arundel County at Annapolis, with common law robbery. The District Court does not have jurisdiction to try a prosecution for that common law felony. *See* Md.Code (1974, 1989 Repl.Vol.), §§ 4–301 and 4–302 of the Courts and Judicial Proceedings Article (CJ). Brooks was incarcerated at the time with the Division of Correction, and a detainer was lodged against him. To invoke the IDA, Brooks sent by certified mail a request for final disposition of the charges within 120 days and a Certificate of Inmate Status to the State's Attorney for Anne Arundel County and to the District Court at Annapolis. The correspondence to the District Court was dated June 29, 1990, and the correspondence to the State's Attorney was dated July 2, 1990. Both sets of documents were received by the addressees.

After an August 15 preliminary hearing in the District Court, the State's Attorney filed a criminal information against Brooks in the Circuit Court for Anne Arundel County on September 17, 1990, charging offenses arising out of the same incident involved in the statement of charges.[1] On September 26, the District Court record was transferred to the circuit court pursuant to Maryland Rule 4–221(h). That record includes Brooks's inmate status report. Brooks's speedy disposition request does not appear in the record, but the parties have stipulated that notice was given to the State's Attorney and to the District Court.

When Brooks was not brought to trial within the 120–day period, he filed, *pro se,* a motion to dismiss the information. That motion was denied in December. Several months later Brooks again moved to dismiss, a hearing took place on June 10, 1991, and the motion was denied. The circuit court concluded that Brooks had failed to serve the "appropriate court" with his request for speedy resolution, because an information had been filed in the circuit court and because the District Court was without jurisdiction to try the crime initially charged there.

On June 20, 1991, Brooks was tried in the circuit court, found guilty of robbery and related offenses, and sentenced to eight years. He appealed to the Court of Special Appeals which affirmed in an unreported opinion, holding that Brooks had not notified the appropriate court. This Court granted certiorari.

 Because outstanding charges can "produce uncertainties which obstruct programs of prisoner treatment and rehabilitation, and cause a prisoner ... to suffer serious disadvantages," the IDA was enacted "to encourage the expeditious and orderly disposition of ... charges" against incarcerated individuals. § 616S(a). The IDA notice re-

---

**1.** In addition to common law robbery, the information charged robbery with a deadly weapon, attempted robbery with a deadly weapon, assault with intent to rob, theft (felony), attempted theft (felony), battery, and assault.

quirements ensure that the proper state officials are made aware of the accused's request in order that they can set the judicial machinery in motion for a speedy disposition. *State v. Barnes,* 273 Md. 195, 209, 328 A.2d 737, 745–56 (1974). Although the statute is to be "liberally construed," *see id.* at 208, 328 A.2d at 745, its notice provisions are "mandatory and not directory," and the defendant bears the burden of making an appropriate request for speedy disposition. *Thurman v. State,* 89 Md.App. 125, 131, 597 A.2d 997, 1000 (1991), *cert. denied,* 325 Md. 397, 601 A.2d 130 (1992). The defendant must present "competent evidence of those conditions precedent necessary for bringing the provisions of the statute into play." *Barnes,* 273 Md. at 209, 328 A.2d at 745; *Bey v. State,* 36 Md.App. 529, 533, 373 A.2d 1291, 1294 (1977). Once the request is properly made, however, the defendant must be brought to trial within 120 days of the request, absent good cause for the granting of a continuance. § 616S(b). The burden rests on the State timely to bring the defendant to trial. *People v. Walker,* 113 A.D.2d 448, 496 N.Y.S.2d 871, 874 (1985); *State v. Ferguson,* 41 Ohio App.3d 306, 535 N.E.2d 708, 713 (1987); *Commonwealth v. Thornhill,* 411 Pa.Super. 382, 601 A.2d 842, 845 (1992); *Nelms v. State,* 532 S.W.2d 923, 926–27 (Tenn.1976). Failure timely to bring the defendant to trial results, upon the defendant's request, in dismissal without prejudice. § 616S(e).

The State argues that the "appropriate court" was the circuit court, because the District Court did not have jurisdiction to try the original felony charges against Brooks. The State argues further that "[e]ven if Brooks's original filing was made with the appropriate court, once he was notified of the new charging document in circuit court, the burden was on him to notify the circuit court of his intent to invoke the speedy trial provisions of the IDA." Brief of Respondent at 5. Both of these arguments fail.

■ We hold that Brooks filed his request in the appropriate court when, on June 29, 1990, he sent his request to the District Court. The detainer lodged against Brooks was

based solely on the statement of charges issued by the District Court. As of June 29, 1990, the District Court was the only court in which charges arising out of the underlying incident were pending against Brooks.

■ Although "appropriate court" is not defined in the IDA, it is defined in the Interstate Agreement on Detainers Act, Art. 27, §§ 616A through 616R. The provisions of the IDA are to be construed in harmony with, and supplemented by, the Interstate Detainer Act. *Barnes,* 273 Md. at 206–07, 328 A.2d at 744. In *Barnes,* this Court stated that because "appropriate court" was not defined in the IDA, the definition in the Interstate Agreement on Detainers Act was to be applied. *Id.* at 207–08, 328 A.2d at 744. Section 616K(a) defines "appropriate court" to mean "any court in this State having criminal jurisdiction which is part of the circuit court of a county, the District Court or any other court than these specified courts." The definition does not require that an appropriate court have jurisdiction to try the particular charges at issue; rather, an appropriate court need only have some form of "criminal jurisdiction."

Reflection on the State's argument manifests a number of reasons why the General Assembly could not have intended the "appropriate court" to be the circuit court under the facts presented here. First, limiting the "appropriate court" to the court that would have jurisdiction to try the charges requires that the detainee understand not only that jurisdiction to try the charges is determinative, but also how the line of division is drawn between the jurisdiction of the District Court and of the circuit courts in criminal causes. A glance at CJ §§ 4–301 and 4–302 demonstrates that locating that line with respect to any particular charge or series of charges requires a degree of sophistication that the General Assembly could not have expected the detainee to possess. All detainees have rights under the IDA, but all detainees do not necessarily have a right to counsel provided by the State on the charges underlying the detainer.

When the detainer was lodged against Brooks, he was in the custody of the Division of Correction at the Maryland Reception, Diagnostic & Classification Center in Baltimore. Under § 616S(c), the "warden, superintendent, [or] director ... having custody of the prisoner, within 15 days of receiving notice of the detainer and of the untried ... complaint, upon which it is based, shall inform the prisoner in writing of the source and contents of the detainer lodged against him...." In the instant matter, the Warden/Superintendent of the Reception, Diagnostic & Classification Center could only have advised Brooks that "the source" of the detainer lodged against him was a specific case in the District Court, because the warrant that served as the detainer issued out of the District Court at Annapolis in a specific case. It is an unreasonable construction of the IDA to require a detainee to file notice in the circuit court because of its jurisdiction to try the charges on the merits, while at the same time requiring the custodian of the prisoner to advise the prisoner that the detainer originates from a different court.

A requirement that the filing be made with the court having jurisdiction to try the charge also conjures up the image of an employee in the clerk's office of a circuit court wandering around looking for a file in which to put the request filed by a detainee. Here, when Brooks filed his notice in the District Court, nothing was pending in the Circuit Court for Anne Arundel County.

That the District Court was the "appropriate court" in the instant case is supported by case law from other states. *See, e.g., People v. Lopez,* 41 Colo.App. 206, 587 P.2d 792, 795 (1978) (time within which to try felony charges begins running with filing of notice in court of limited jurisdiction, despite later transfer of prosecution to court of general jurisdiction); *Huddleston v. Jennings,* 723 S.W.2d 381, 382 (Ky.Ct.App.1986) (defining appropriate court as "the court in which the entered indictment, information or complaint forming the basis for the detainer was pending *when the detainer was lodged"* (emphasis added)); *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 358 (Mo.1982); *cf. Brimer*

*v. State,* 195 Kan. 107, 402 P.2d 789, 793 (1965) (request made to court in which charges were not yet pending but to which charges were later transferred did not satisfy statute; detainee required to notify lower court from which detainer issued and where charges were pending at time of notice).

The question remaining, then, is whether the later filing of the criminal information in the circuit court nullified Brooks's compliance and required him to file a new request with the circuit court.

■ The State argues that once the information was filed, the burden was on Brooks to file a new speedy disposition request in the circuit court. This argument contravenes the rule that, once the defendant has complied with the notice provisions of the IDA, the burden shifts to the State to bring the defendant to trial within the prescribed time period. *Walker,* 113 A.D.2d 448, 496 N.Y.S.2d at 874; *Ferguson,* 41 Ohio App.3d 306, 535 N.E.2d at 713; *Thornhill,* 411 Pa.Super. 382, 601 A.2d at 845; *Nelms,* 532 S.W.2d at 926–27.

It is not consistent with the IDA or the Maryland Rules to require a defendant, who has complied with the notice provisions, to send a new notice under the circumstances here. When the criminal information was filed in the circuit court, the District Court record was transmitted to the circuit court pursuant to Maryland Rule 4–221(h). That rule places burdens on the State's Attorney and the District Court clerk.

> "Upon the filing of a charging document in the circuit court [after the District Court preliminary hearing], the State's Attorney shall promptly give notice of the filing to the clerk of the District Court.... When so notified, the clerk shall immediately forward all papers to the clerk of the circuit court in which the charging document is filed."

Rule 4–221(h) does not place a burden on the defendant to ensure that all documents in the District Court file, including any IDA request, are forwarded; that burden rests on the District Court clerk. Thus, Maryland procedure con-

templates that the District Court and the circuit court files will be merged and that any detainee's notice, filed in the District Court while it was the appropriate court, will be transmitted to the circuit court. Meanwhile, the State's Attorney has a duplicate of the request for disposition of the charges under the IDA and is thereby alerted that the 120 day period is running.

In *Huddleston,* 723 S.W.2d 381, the Court of Appeals of Kentucky faced a scenario substantially similar to that presented here and refused to place on the defendant the burden for which the State contends here. The defendant complied with the Kentucky IDA (KRS 500.110) by filing his request in the district court, the court where the complaint had been filed, where charges were pending, and from which the detainer had issued. Thereafter a grand jury indicted the defendant on the same charges pending in the district court, causing the case to be transferred to the circuit court. *Id.* at 382. The State failed timely to try the defendant, and the defendant moved to dismiss. The State argued that the appropriate court to which a speedy trial request should have been sent was the circuit court. Rejecting that argument, the Kentucky court stated:

> "Where there has been a later indictment as a result of which the detainer charge is no longer pending in the lower court, it does not seem an unreasonable burden to place on the county attorney to forward the request to the Commonwealth attorney, and upon the district court to forward the request to the circuit court. *To require another request to be made by the prisoner once he discovers the charge is now pending in another court would inevitably result in delays defeating the very purpose of the statute.* We believe the intent of the statute is that the 180 days begin to run once an otherwise proper request is made to the court in which the detainer charge was pending when lodged...."

*Id.* at 383 (emphasis added).

*Lopez,* 41 Colo.App. 206, 587 P.2d 792, also addressed the issue presented here. In Colorado, a county court is the

trial court of limited jurisdiction. *Lopez* held "that where a criminal proceeding is initiated with the filing of a criminal complaint in county court, a request for disposition of detainer filed in the county court commences the running of the ... statutory period." *Id.* at 795.

Here, as in *Lopez*, "[w]e are ... dealing with a continuous proceeding and not a dismissal." *Id.* Accordingly, Brooks's motion to dismiss the information should have been granted, without prejudice.

 The fact that the dismissal is without prejudice does not make Brooks's rights under the IDA illusory or render the error harmless. Brooks is entitled, under the IDA, to a new exercise of prosecutorial discretion as to whether the charges should be brought anew.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR THE ENTRY OF A JUDGMENT VACATING THE JUDGMENT OF CONVICTION ENTERED BY THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND REMANDING THIS CAUSE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY WITH INSTRUCTIONS TO DISMISS THE INFORMATION WITHOUT PREJUDICE. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY ANNE ARUNDEL COUNTY, MARYLAND.