Dear Judge Wilner:
On behalf of the Correctional Services Article Review Committee, you have requested our opinion whether Article 27, § 618
of the Maryland Code is obsolete, given subsequent enactments concerning transfer of custody of a prisoner. Our opinion is that the provision is obsolete only in part.
 I Article 27, § 618
Article 27, § 618, first enacted in 1809, seeks to protect prisoners against unauthorized changes in custody. The section is a particular application of the general principle stated in an even older statute, Article 87, § 45, which requires each sheriff to "safely keep all persons committed to his custody by lawful authority until such persons are discharged by due course of law."[1] See Chapter 62 of the Laws of Maryland 1801. See also Article 27, § 705(c).
Article 27, § 618 begins with the overall requirement that a change of custody be authorized "by habeas corpus or by other legal writ": "No citizen of this State committed to the custody of an officer for any criminal matter shall be removed from thence into the custody of another officer, unless it be by habeas corpus or by other legal writ. . . ."[2] The section then identifies three exceptions to this general rule:
 (1) For nearby trial or discharge — "except where the prisoner shall be delivered to a constable or other inferior officer, to be carried to some common jail, or shall be removed from one place to another within the said county or an adjoining county, in order to [receive] his discharge or trial in due course of law";
 (2) Emergency — "or in case of sudden fire or infection, or other necessity"; and
 (3) Extradition — "or where the prisoner shall be charged by an affidavit or other lawful evidence with treason, felony or other crime alleged to be done in any other of the United States of America or territories thereof — in which last case he shall, on demand of the executive authority of the State, district or territory from which he fled, be immediately delivered up."
Article 27, § 618 was enacted by Chapter 125 of the Laws of Maryland 1809. Apart from occasional recodifications, it has not been revised since.
The prohibitory language at the beginning of § 618 is intended to "prevent the vexation and danger of protracted imprisonment which might be occasioned by the removal of the prisoner from one custody to another. And it affirms therefore the principle that the prisoner ought to be committed to the proper prison in the first instance." Cocking v. Wade, 87 Md. 529, 539-40,40 A. 104 (1898) (citation and internal quotation marks omitted). A prisoner transferred without the supervision of the court, it was feared, might languish.
 II Intrastate Transfer of Custody
A. Before Trial
Article 27, § 618 itself allows a prisoner to be transferred without court writ to another county for trial, but only to "an adjoining county." See Blake v. Burke, 42 Md. 45, 49 (1875).
The Intrastate Detainer Act ("IDA"), Article 27, § 616S, affords an opportunity to a prisoner to have certain untried charges resolved, at the prisoner's request, within 120 days. Seegenerally, e.g., Brooks v. State, 329 Md. 98, 617 A.2d 1049
(1993); State v. Barnes, 273 Md. 195, 328 A.2d 737 (1974); Wise v.State, 30 Md. App. 207, 351 A.2d 160 (1976); King v. State,5 Md. App. 652, 249 A.2d 468 (1969). The framers of the IDA evidently envisioned that custody of the prisoner ordinarily would remain with the original custodian, for the IDA addresses only transportation, not transfer of custody: "The responsibility for the transportation of any such prisoner between the place of his confinement and the city or county wherein the untried indictment, information or complaint is pending shall be upon the sheriff of said city or county: provided, that such transportation may be furnished by such institution upon the request of the sheriff of said city or county." § 616S(f). If a transfer of custody would be more expedient, § 618 would require a writ to authorize it.
B. After Conviction
Article 27, § 690(b) and (c) mandate that persons sentenced to more than 12 months, subject to certain exceptions, are to be sentenced to the jurisdiction of the Division of Correction ("DOC"). These prisoners "shall be held, confined in, assigned to or transferred to" any DOC facility, "as the Division may from time to time order." § 690(b). Section 618 does not apply to transfer from one DOC facility to another, because the prisoner remains in the custody of the same officer, the Commissioner of Correction.
In contrast, § 690(g) permits transfer of an inmate from a county detention center to the DOC only with "such approvals by the committing court as are otherwise required by law." Section 618 "otherwise require[s] by law" issuance of a writ for a transfer of this kind.
Yet another provision, Article 27, § 710C, governs placement in community adult rehabilitation centers. This section contains its own requirements for judicial oversight of transfers:
 Whenever a person is detained in or sentenced to a county jail, detention center, or county agent operating the jail or detention center, the judge ordering the confinement, or if that judge is unable to act, then any judge of the committing court at any time during the period of confinement may approve the transfer of that person to a center provided that the center director has recommended to the court that the person be placed in the center based on locally established selection procedures for the center.
§ 710C(c)(1). See also § 710C(c)(2) (judicial order for release) and 710C(c)(3) (judicial order transferring custody to DOC).
C. Summary
Although later-enacted provisions have either eliminated judicial oversight of prisoner transfers in many cases or imposed a specific scheme of judicial oversight in others, these provisions are not all-encompassing. Some intrastate transfers of custody remain subject to § 618 — that is, they are prohibited unless authorized by writ.
 III Interstate Transfer of Custody
A. Uniform Criminal Extradition Act
In 1937, Maryland enacted the Uniform Criminal Extradition Act ("UCEA"), which is codified in Title 2, Subtitle 2 of Article 41 and which provides the framework for the extradition process. Article 41, § 2-203 requires submission of an indictment, information, or affidavit by a demanding state when it requests the return of a fugitive from this State, in order to verify the allegation of the person's status as a fugitive from justice. Under the UCEA, the Governor may issue a warrant of arrest to authorize the arrest of the fugitive and delivery of the fugitive to an agent of the demanding state. §§ 2-207 and 2-208.
Article 41, § 2-224 sets out the procedure to be followed when the fugitive waives the issuance of the Governor's warrant of arrest and consents to return to the demanding state. This waiver must be in writing and be executed before a judge, who then orders the person having custody of the fugitive to transfer custody to the agent of the demanding state.
The UCEA, in our opinion, renders obsolete the extradition provision of § 618, which directs the officer with custody of the fugitive to make him available to the agents of the demanding state upon a showing by "affidavit or other lawful evidence" that the fugitive is charged with a crime. The UCEA serves the same purpose, with more detailed procedures and requirements.
B. Uniform Act for Extradition of Persons of Unsound Mind
Title 2, Subtitle 3 of Article 41 contains abbreviated procedures, akin to those in the UCEA, for the return to the demanding state of a fugitive who, "alleged to be of unsound mind," had escaped from confinement in a facility for treatment of mental illness or from custody pending an involuntary commitment hearing. See Article 41, § 2-303. Just as the UCEA mechanism supplants the extradition provisions in Article 27, § 618, so does this act.
C. Interstate Agreement on Detainers
The requirement of § 618 for a writ before a prisoner may be transferred for trial to another jurisdiction (other than an immediately adjourning county) has been partially superseded since 1965 when Maryland adopted the Interstate Agreement on Detainers ("IAD"). The IAD authorizes temporary transfer of custody to an out-of-state jurisdiction for trial without the need of a writ. The IAD only applies, however, to prisoners serving a "term of imprisonment in a penal or correctional institution." Article 27, § 616D. See § 616K(b) (defining correctional institution to include a DOC institution, county jail, and the Baltimore City Detention Center). Custody may be transferred on the basis of a detainer that has been lodged with the correctional institution by a jurisdiction located in another party state to the IAD.[3]
The requirement in Article 27, § 618 for a writ before a prisoner may be removed or transferred is still necessary when the IAD does not apply — that is, transfer for trial to another jurisdiction where no detainer has previously been lodged. SeeUnited States v. Mauro, 436 U.S. 340, 361-62 (1978).
 IV Conclusion
In our opinion, Article 27, § 618 is not obsolete, because circumstances exist in which its requirements still apply. The section's provision on extradition, however, is obsolete. Perhaps a recodified version of § 618 might state that, except for trial in an adjoining county, in an emergency, or "as otherwise provided by law," transfer of custody must be authorized by court order.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice*
* Assistant Attorneys General Stuart G. Buppert II and Steven G. Hildenbrand assisted significantly in the preparation of this opinion.
[1] Prisoners "are discharged by due course of law" in accordance with either "the terms of the commitment by the sentencing judge or . . . the terms of an order of a court of competent jurisdiction." 57 Opinions of the Attorney General 612, 613 (1972).
[2] The term "habeas corpus," in this context, evidently refers to the writ habeas corpus ad prosequendum, a common law writ used to remove a prisoner for trial in the jurisdiction where the offense was committed. See Carbo v. United States,364 U.S. 611 (1961); Ex parte Bollman, 4 Cranch 75 (1807).
[3] The United States government and the District of Columbia are parties to the IAD. Louisiana and Mississippi, which are the only states not to have adopted the IAD, may obtain temporary custody of a prisoner in Maryland for trial without a writ by entering into an executive agreement between the Governor of Maryland and the Governor of Louisiana or Mississippi, pursuant to authority for such executive agreements established by the UCEA. See Article 41, § 2-205.
 *Page 68