William R. HUDDLESTON, Petitioner,

v.

Honorable William JENNINGS, Judge,
Clark Circuit Court, Respondent.

Court of Appeals of Kentucky.

Aug. 15, 1986.

Reconsideration Denied Jan. 7, 1987.

Allison Connelly, Kenneth R. Taylor, Asst. Public Advocates, Burgin, for petitioner.

David L. Armstrong, Atty. Gen., Frankfort, Thomas Smith, Com. Atty., Richmond, Robert Rose, Co. Atty., Winchester, for respondent.

Before WILHOIT, DYCHE and HOWARD, JJ.

## OPINION AND ORDER

WILHOIT, Judge.

The petitioner, William R. Huddleston, seeks to prohibit the Respondent Judge of the Clark Circuit Court from conducting further proceedings against the petitioner on Indictment Number 85–CR–035 charging him with second-degree possession of a forged instrument, theft by deception and with being a first-degree persistent felony offender. The petitioner contends that the Clark Circuit Court has lost jurisdiction to try him on these offenses because more than 180 days had elapsed from the date he requested a final disposition of the charges against him pursuant to KRS 500.110.

Insofar as the record before us shows, the petitioner was charged in the Clark District Court with second-degree criminal possession of a forged instrument. The complaint is dated April 3, 1985. On September 6, 1985, he filed a pro se motion in that court requesting a speedy trial. On October 29, 1985, the petitioner, this time represented by counsel, filed a request with the district court "pursuant to KRS 500.110" seeking "a final disposition of all indictments or complaints now pending against him in Clark County." A copy of this request was served upon the Clark County attorney. On November 21, 1985, the Clark County Grand Jury returned the indictment which is the subject of this proceeding. Thereafter, on May 30, 1986, the petitioner moved the circuit court to dismiss the indictment because of the prosecution's failure to try him within 180 days of his request for a final disposition. The motion was denied on June 20, 1986, and this proceeding followed.

The Commonwealth argues that the request for a disposition of charges was made to the wrong court and to the wrong prosecutor, because the district court lost jurisdiction to dispose of the charge once the petitioner had been indicted, and therefore the request did "not carry over to circuit court." KRS 500.110 provides:

500.110. Trial of prisoner on untried indictment within 180 days after prisoners' request for final disposition.—Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction of this state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. (Enact.Acts 1978, ch. 78 § 7, effective June 17, 1978).

We interpret "the prosecuting officer and the appropriate court of the prosecutor's jurisdiction" to mean the prosecutorial office which has lodged the detainer and the court in which the entered indictment, information or complaint forming the basis for the detainer was pending when the detainer was lodged. That, after all, is what the detainer is about. In the present case, insofar as we are able to determine from the limited record before us, the detainer was based upon an arrest warrant from the Clark District Court issued upon a criminal complaint filed in that court. It is unclear whether the detainer was lodged by the court itself or by a prosecutorial officer. Based upon what is before us, however, we believe the petitioner's request was properly made to the district court and the county attorney who is the normal prosecuting officer in that court. *See* KRS 15.725(2). If the detainer had been based upon an indictment by the Clark County Grand Jury, then, of course,

the Commonwealth attorney and the circuit court would have been the appropriate entities to which the request for disposition should have been sent.

Where there has been a later indictment as a result of which the detainer charge is no longer pending in the lower court, it does not seem an unreasonable burden to place on the county attorney to forward the request to the Commonwealth attorney, and upon the district court to forward the request to the circuit court. *See* e.g. KRS 15.725(3). To require another request to be made by the prisoner once he discovers the charge is now pending in another court would inevitably result in delays defeating the very purpose of the statute. We believe the intent of the statute is that the 180 days begin to run once an otherwise proper request is made to the court in which the detainer charge was pending when lodged and to the normal prosecutor in that court. An indictment on the same charge subsequent to the lodging of the detainer would not require that the request be made to the circuit court and the Commonwealth attorney unless the indictment had become the basis for the detainer. If, however, the subsequent indictment is known to the prisoner, there appears no sound reason why he should not be entitled to make his request directly to the circuit court and Commonwealth's attorney.

The problem we have with the petitioner's contention is that he does not appear as yet to have complied with KRS 500.110. The "triggering mechanism" which brings this statute into play is the lodging of a detainer against a prisoner. The purpose of the statute is not to ensure the speedy disposition of every charge, or even of those charges which potentially could form the basis for a detainer being lodged. Its purpose is to provide for the speedy disposition only of such charges as have actually resulted in a detainer being lodged. The record we have before us is unclear but indicates that the detainer was not lodged against the petitioner until January 1986, and that he has made no statutory request since that time. If that is true, then his October 1985 request could have been nothing more than a motion for a speedy trial, because at that time he had not yet acquired any right to proceed under KRS 500.110.

For the foregoing reasons, it is hereby ORDERED that the petition for prohibition be and the same is hereby DENIED.

All concur.