Evans RUSHIN III a/k/a
"Rush", Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–CA–002863–MR.

Court of Appeals of Kentucky.

April 26, 1996.

Discretionary Review
Denied by
Supreme Court Nov. 13, 1996.

Susan J. Balliet, Prospect, for Appellant.

A.B. Chandler, III, Attorney General, Ian G. Sonego, Assistant Attorney General, Frankfort, for Appellee.

Before HUDDLESTON, KNOPF and MILLER, JJ.

HUDDLESTON, Judge.

Evans Rushin III appeals from a judgment and order imposing a five-year sentence for each of two counts of first-degree trafficking in a controlled substance to run concurrently. On appeal, we are confronted with two similar statutes, Ky.Rev.Stat. (KRS) 440.450 and KRS 500.110, both providing for a "trial within ... [180] days after [a prisoner] shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint."

On September 29, 1993, two indictments, each charging Rushin with first-degree trafficking in a controlled substance, were handed up in Hardin Circuit Court. The next day, the indictments were ordered sealed. An arrest warrant was issued on October 2, 1993, but, according to a note on the warrant,[1] it was not delivered to the Sheriff of Hardin County for over a year (November 9, 1994). Meanwhile, Rushin, who was in custody on other charges, became aware, although it is unclear how, of the charges against him in Hardin County. While incarcerated in the Oldham County Jail January 31, 1994, Rushin filed a handwritten request for a speedy trial in Hardin Circuit Court. The letter, dated January 26, 1994, states:

> I'AM currentLy At The OLdHam–County JAil WhiLe going to court on other charge's. I wouLd Like to Be arrained on the two count Indictment Aginst me In Circuit–Court. So I can get appointed counsel on these charge's Aginst me. *"Under Barker v. Wingo,*[2] And other case's it is upto a defendent to ask for speedy disposition of cases. These Indictments I do not have the Indictment Numbers. Please, contact me as soon as possibLe.
>
> Sincerely
> /s/Evans Rushin III

According to a note placed in the file by the circuit court clerk, a copy of this letter was forwarded to the Commonwealth's Attorney. Having received no response to his first request for a speedy trial, Rushin, who had since been transferred to the Federal Correctional Institute in Ashland, Kentucky, made a second request on May 29, 1994. Despite the two requests for a speedy trial, no further action was taken until September 20, 1994, when the Commonwealth moved to open the sealed indictments. Thereafter, the indictments were unsealed and Rushin was

---

1. The source of the note is not identified.

2. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is the case to which Rushin was referring.

ordered to appear for arraignment on November 15, 1994.

Although Rushin's January 1994 request for a speedy trial was not discussed at the arraignment, the Commonwealth acknowledged that it only had "until November 28th" to try the case because Rushin had made a 180–day request on May 29, 1994.[3] Since a jury would not be available until after the first of December, the case was transferred to another division of Hardin Circuit Court to permit a trial within the required time frame.

At a pretrial conference on November 22, 1994, Rushin's newly-appointed counsel[4] moved to dismiss the charges based upon the fact that more than 180 days had passed since Rushin's January 1994 request for a speedy trial. The motion was denied, and a trial was scheduled for November 28, 1994. Rushin's attorney also claimed that he did not have enough time to prepare for trial because the Commonwealth was "trying to race to trial" to avoid a violation of KRS 440.450, the Interstate Agreement on Detainers ("IAD"). The Commonwealth responded by again saying that Rushin would have to ask for a continuance, thereby waiving the prescribed time limit, if defense counsel could not be ready to try the case on November 28, 1994. On the following day, November 18, 1994, Rushin entered a Ky.R.Crim. Proc. (RCr) 8.09 conditional guilty plea,[5] reserving the right to appeal.

■ Citing KRS 500.110, Rushin contends that the charges should have been dismissed because he was denied his right to a speedy

trial[6] when he was not brought to trial within 180 days of his January 1994 demand. The Commonwealth argues that this issue was not preserved for review because Rushin only cited KRS 440.450 before the trial court. The January 1994 handwritten letter now in question did not cite either provision. It is significant, however, that KRS 500.110, headed "[t]rial of prisoner on untried indictment within 180 days after prisoners' request for final disposition," and KRS 440.450, Article III(1), are substantially identical. When applicable, these statutes require a "trial within ... [180] days after [a prisoner] shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint." KRS 440.450 and KRS 500.110. *See also* 8 Leslie Abramson, *Kentucky Practice—Criminal Practice and Procedure*, § 2.84 (2d ed. 1987) (hereinafter "*Kentucky Practice*"). No matter which statute governs, Rushin, who made both requests *pro se*, adequately preserved the issue of his entitlement to a trial within 180 days.

■ Rushin was in the Oldham County Jail when he first demanded a speedy disposition of the Hardin County charges. Since the validity of this demand is the only issue before us, the fact that he was an inmate at the Federal Correctional Institute in Ashland, Kentucky, at the time of his second request is irrelevant.[7] Accordingly, we need

---

3. The Commonwealth apparently accepted the validity of Rushin's second request for a speedy trial. Indicating a belief that Rushin had complied with all of the required steps for demanding a speedy trial, the Commonwealth stated that Rushin would have to ask for a continuance and waive the prescribed time limit if defense counsel could not be ready to try the case on November 28, 1994.

4. Although the administrator of the Hardin County public defender program acted as Rushin's counsel for arraignment, counsel was not actually appointed to represent Rushin until November 16, 1994. The newly-appointed attorney did not become aware of the case until November 17, 1994.

5. Ky.R.Crim.Proc. (RCr) 8.09 permits a defendant to enter a guilty plea conditioned upon

reservation of the right to appeal specified issues. If successful upon appeal, the defendant will be allowed to withdraw the guilty plea.

6. U.S. Const. amend. VI provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."

7. Since the validity of Rushin's second demand has not been challenged, the question of whether Ky.Rev.Stat. (KRS) 500.110 covers demands made by inmates in federal prisons *within* the state of Kentucky is not before us. We do note, however, that 8 Leslie Abramson, *Kentucky Practice—Criminal Practice and Procedure*, § 2.1 (2d ed. 1987) defines a "foreign jurisdiction" as "another state, territory, the District of Columbia, or another country."

only consider the validity of Rushin's January 1994 demand.

Based upon allegations, unsupported by the record,[8] that Rushin was being held in the Oldham County Jail on federal charges, the Commonwealth argues that KRS 440.450, not KRS 500.110, governed Rushin's January 1994 demand.[9]  KRS 440.450 applies:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution *of a party state*, and whenever during the continuance of the term of imprisonment there is pending in any *other party state* any untried indictment, information or complaint *on the basis of which a detainer*[10] has been lodged against the prisoner. . . .  (Emphasis supplied.)

By contrast, KRS 500.110 applies:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution *of this state*, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction *of this state* any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner. . . .*  (Emphasis supplied.)

Neither provision, prescribing the 180–day time frame, is triggered until "a detainer has been lodged against the prisoner. . . ."  KRS 440.450[11] and KRS 500.110.  *See Huddleston*

*v. Jennings,* Ky.App., 723 S.W.2d 381 (1986); and *see generally Kentucky Practice* at § 13.11 (stating that "the right to a speedy trial attaches when a detainer is lodged against an accused who is in custody on other charges").  As this Court explained in *Huddleston,* 723 S.W.2d at 383:

> The "triggering mechanism" which brings this statute into play is the lodging of a detainer against a prisoner.  The purpose of the statute is not to ensure the speedy disposition of every charge, or even of those charges which potentially could form the basis for a detainer being lodged.  Its purpose is to provide for the speedy disposition *only of such charges as have actually resulted in a detainer being lodged.* * * * [An earlier request] could have been nothing more than a motion for a speedy trial, because at that time [a prisoner has] not yet acquired any right to proceed under KRS 500.110.  (Emphasis supplied.)

Given the similarity of KRS 440.450 and KRS 500.110, the *Huddleston* reasoning would apply equally to KRS 440.450.  *See generally* Donald M. Zupanec, Annot., *Validity, Construction, and Application of Interstate Agreement on Detainers,* 98 A.L.R.3d 160 (1980).  Since there is no evidence that a "detainer [had] been lodged against [Rushin]" at the time that he first demanded a speedy disposition of the charges against him in Hardin County,[12] he "had not yet acquired any right to proceed under [either] KRS

---

**8.**  There is nothing in the record to explain why Rushin was in the Oldham County Jail in January 1994.

**9.**  The significance of identifying the governing statutory provision lies in the fact that the IAD contains procedural requirements not contained in KRS 500.110.  Strict compliance is required to dismiss an action as untimely under the IAD.  *See Ellis v. Commonwealth,* Ky., 828 S.W.2d 360 (1992), and *Norton v. Parke,* 892 F.2d 476, 477 (6th Cir.1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1533, 108 L.Ed.2d 772 (1990).

**10.**  "A detainer is a 'request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent.' "  *Norton v. Parke,* 892 F.2d at 477, quoting *Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516, 520 (1985).  *See also Kentucky Practice* at § 2.1.

**11.**  *See also Kentucky Practice* at § 2.72 (stating that "[t]he IAD can be triggered only when a 'hold' or 'detainer' is placed by Kentucky on a prisoner in another state, indicating Kentucky's desire to try that person for a Kentucky crime").

**12.**  According to a certificate of inmate status dated June 8, 1994, there was no detainer filed regarding the indictments in question.  Since this certificate was issued by the federal prison that Rushin went to *after* spending time in the Oldham County Jail, we assume that the Oldham County Jail records would reflect the same.  The certificate indicates that the only detainer on file against Rushin pertained to a parole violation— not the Hardin County indictments.

A detainer still had not been filed at the time of the second demand, but the validity of that demand has not been challenged.

500.110 [or KRS 440.450]," *Huddleston,* 723 S.W.2d at 383. Accordingly, we are unable to say that he was denied the right to a speedy trial and we need not decide which of these two substantially identical statutory provisions applies.[13]

■ Rushin next contends that he was wrongfully forced to choose between his right to a speedy trial[14] and his right to effective assistance of counsel.[15] This argument is based upon the Commonwealth's pre-trial conference statement that Rushin would have to ask for a continuance and waive the prescribed time limit if defense counsel could not be ready to try the case on November 28, 1994.

The fact that the desire for a speedy trial may affect trial preparation is a consideration in all cases. *See generally Kentucky Practice* at § 13.16. Although "a defendant need not affirmatively demonstrate prejudice to establish a violation of the speedy trial right,"[16] it is well-established that a finding of ineffective assistance of counsel must be based upon a showing of prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that appellant must show a "reasonable probability of different result with effective assistance" of counsel); *see also Kentucky Practice* at § 5.5. Since Rushin entered a conditional guilty plea without proceeding to trial, we are unable to determine whether he would have been prejudiced by the allegedly short amount of preparation time.[17]

The United States Supreme Court has refused to establish "a per se rule requiring reversal of every conviction following tardy appointment of counsel." *United States v. Cronic,* 466 U.S. 648, 661, 104 S.Ct. 2039, 2048, 80 L.Ed.2d 657, 670 (1984), quoting *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The late appointment of counsel is simply a factor to be considered in resolving ineffective assistance of counsel issues. *Kentucky Practice,* § 5.5. Inasmuch as this case was not tried, we are unable to "inquir[e] into counsel's actual performance at trial," *Cronic,* 466 U.S. at 662–63, 104 S.Ct. at 2048–49, 80 L.Ed.2d at 670, as we would need to do to properly evaluate the merits of Rushin's contention.

Accordingly, the judgment and order of Hardin Circuit Court is affirmed.

KNOPF, J., concurs.

MILLER, J., dissents without separate opinion.

---

**13.** We do, however, note the obvious fact that the Oldham County Jail is "a penal or correction institution of this state." A strict interpretation of KRS 500.110 would seem to cover Rushin, regardless of any pending federal charges.

**14.** This argument is based upon the assumption that Rushin's second request was valid under the IAD. Since the Commonwealth has not challenged this assumption and operates as if a valid request had been made in May 1994, we also will assume that the second request was valid.

**15.** U.S. Const. amend. VI also grants the accused the right "to have the Assistance of Counsel for his defence."

**16.** *Kentucky Practice* at § 13.16.

**17.** Counsel was appointed to represent Rushin on November 16, 1994, two days after arraignment. The trial was set for November 28, 1994, eleven days after the newly-appointed attorney allegedly "became aware of the case" on November 17, 1994, and thirteen days after arraignment.