**Hon. Marc I. ROSEN, Judge, Boyd Circuit Court, Appellant,**

**and**

**Commonwealth of Kentucky (Real Party in Interest), Appellant,**

**v.**

**Joseph WATSON, Appellee.**

**No. 2002–SC–0057–MR.**

Supreme Court of Kentucky.

April 24, 2003.

A.B. Chandler, III, Attorney General, Perry T. Ryan, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellants Hon. Marc I. Rosen, Judge, Boyd Circuit Court and Commonwealth of Kentucky (Real Party in Interest).

Dennis Stutsman, Department of Public Advocacy, Appellate Branch Manager, Linda Roberts Horsman, Department of Public Advocacy, Frankfort, for Appellee.

Opinion of the Court by Justice COOPER.

Appellee Joseph Watson is charged with escape in the second degree, a Class D felony, KRS 520.030(2). After the Boyd Circuit Court denied his motion to dismiss for failure to comply with his request for final disposition, KRS 500.110, Appellee petitioned the Court of Appeals for relief pursuant to CR 76.36. The Court of Appeals granted the petition and issued a writ prohibiting the Boyd Circuit Court from continuing the prosecution of the escape charge. Appellants appeal from that action as a matter of right. Ky. Const. § 115; CR 76.36(7)(a). We affirm.

On July 29, 1999, Appellee's probation officer filed a criminal complaint against him in the Boyd District Court alleging that Appellee had escaped from a half-way house in Boyd County the previous day. A warrant of arrest was issued on July 29, 1999, but was not served on Appellant until more than a year later, November 9, 2000. At that time, Appellee was imprisoned on other charges at the Northpoint Training Center in Mercer County, Kentucky. On November 15, 2000, the Boyd District Court lodged a detainer against Appellee with Northpoint based on the escape charge pending in that court.

On March 27, 2001, pursuant to KRS 500.110, Appellee filed a pro se request for a final disposition of the escape charge within 180 days. Appellee filed his request in the Boyd District Court and served notice on the Boyd County attorney, the prosecuting officer responsible for representing the Commonwealth in that court. KRS 15.725(2). The district court took no action on the motion.

On April 26, 2001, a Boyd County grand jury issued a direct indictment against Appellee on the charge of escape in the second degree, effectively removing the case from the district court to the Boyd Circuit Court for further proceedings. Appellee did not refile his request for a final disposition in the circuit court. However, on November 1, 2001, 219 days after that request had been filed in the district court, Appellee moved for dismissal of the circuit court indictment for failure to prosecute the charge against him within the required 180 days. The Boyd Circuit Court denied the motion, holding that, because a district court has no jurisdiction to try a felony case, KRS 24A.110(1)(a), Appellee had not filed his KRS 500.110 request in the appropriate court, i.e., the Boyd Circuit Court.

Appellee then petitioned the Court of Appeals pursuant to CR 76.36(1) for a writ prohibiting the Boyd Circuit Court from proceeding against him on the escape charge. The Court of Appeals, relying on *Huddleston v. Jennings*, Ky.App., 723 S.W.2d 381 (1986), granted the petition, holding that the filing of Appellee's request for a final disposition in the Boyd District Court triggered the running of the 180 day period and that the Commonwealth had, thus, forfeited the right to continue proceedings against Appellee after the expiration of that period.

On appeal, Appellants assert that the Court of Appeals erred in granting the writ because (1) Appellee did not file his request for a final disposition in the "appropriate court," and (2) Appellee filed his request prematurely because he filed it before the grand jury issued its indictment against him.

## I. APPROPRIATE COURT.

KRS 500.110 provides:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction of this state any untried indictment, information *or complaint on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered *to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction* written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information *or complaint*; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the mat-

ter may grant any necessary or reasonable continuance.

(Emphasis added.)

The issue here is which court is the "appropriate court of the prosecuting officer's jurisdiction." That same issue was raised in *Huddleston, supra*, on virtually identical facts. Like Appellee, the prisoner in *Huddleston* had been charged with a felony offense by criminal complaint in district court and the district court had lodged a detainer against him. Like Appellee, the prisoner in *Huddleston* filed his KRS 500.110 request for a final disposition in the district court and served notice on the county attorney before the issuance of the grand jury's indictment against him. *Id.* at 382. *Huddleston* concluded that the prisoner had filed his request in the "appropriate court."

We interpret "the prosecuting officer and the appropriate court of the prosecutor's jurisdiction" to mean the prosecutorial office which has lodged the detainer and the court in which the entered indictment, information or complaint forming the basis for the detainer was pending when the detainer was lodged. That, after all, is what the detainer is about.... We believe the intent of the statute is that the 180 days begin to run once an otherwise proper request is made *to the court in which the detainer charge was pending when lodged and to the normal prosecutor in that court.* An indictment on the same charge subsequent to the lodging of the detainer would not require that the request be made to the circuit court and the Commonwealth attorney unless the indictment had become the basis for the detainer.

*Id.* at 382–83 (emphasis added).

*Huddleston* further noted that a prisoner is not required to resubmit his motion

to the circuit court in the event his case is transferred upon a grand jury indictment, stating that "it does not seem an unreasonable burden to place on the county attorney to forward the request to the Commonwealth attorney, and upon the district court to forward the request to the circuit court." *Id.*[1] On this rationale, *Huddleston* concluded that the district court was the "appropriate court" for the filing of the prisoner's request for a final disposition because the charge upon which the detainer was based was then pending in that court even though jurisdiction was thereafter obtained by the circuit court as a result of the subsequent indictment. *Id.* However, the petition for a writ was denied in *Huddleston* because the prisoner's request for a final disposition had been prematurely filed before the detainer was lodged against him, *id.* at 383, a circumstance that did not occur in this case.

■ We find the reasoning in *Huddleston* to be sound and conclude that it applies here as well. The detainer was lodged against Appellee by the Boyd District Court and there was no case pending against Appellee in the Boyd Circuit Court at the time he filed his KRS 500.110 request for a final disposition. Thus, the request was "delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction" as required by the statute.

Appellants' second claim in this regard is but an extension of their first, *i.e.*, that the request failed to comply with the procedural requirements of CR 6.04(1) because Appellee did not provide notice of his request to the Commonwealth's attorney. The statute only requires delivery to the "prosecuting officer." At the time the request was filed, the only charges pending against Appellee were in the Boyd District Court and the only officer then prosecuting Appellee was the county attorney.

Appellants next urge us to overrule *Huddleston* because it construes KRS 500.110 inconsistently with the provisions of the Interstate Agreement on Detainers (IAD), KRS 440.450–.990. The IAD applies to interstate detainers, *i.e.*, detainers lodged by one state against prisoners incarcerated in another state, whereas KRS 500.110, applies to intrastate detainers, *i.e.* detainers lodged by Kentucky courts against in-state prisoners. Like KRS 500.110, the IAD requires the out-of-state prisoner to cause his speedy trial request to be delivered to "the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction." KRS 440.450, Article III(1). However, the IAD also provides that the "'appropriate court' as used in the agreement on detainers ... means the Circuit Court of competent jurisdiction." KRS 440.460. KRS 500.110 does not contain a similar provision. Appellants, however, would have us interpret KRS 500.110 as if it did contain that provision.

Appellants cite *Rushin v. Commonwealth*, Ky.App., 931 S.W.2d 456 (1996), for the proposition that the provisions of KRS 440.450, *et seq.*, and KRS 500.110 must be interpreted identically in every case. However, *Rushin* only held that the defendant in that case was not denied his right to a speedy trial under either the IAD or KRS 500.110[2] because no detainer had ever been lodged against him, and, in that

---

1. In fact, Appellee's request for a final disposition in the case *sub judice* was forwarded to the circuit court and was included in the certified records of the Boyd Circuit Court that were filed in the Court of Appeals.

2. The record was unclear as to whether the defendant was being held as a federal or a state prisoner and the trial court was unclear as to whether the resolution of that fact would

respect, the two statutes were "substantially identical." *Id.* at 458–60. *See also, Schneider v. Commonwealth*, Ky.App., 17 S.W.3d 530, 534 (1999) (interpreting the IAD). *Rushin* did not, however, hold that Kentucky courts must interpret KRS 500.110 as if it contained the same provisions as the IAD. *See Dunaway v. Commonwealth*, Ky., 60 S.W.3d 563, 567 n. 3 (2001) ("The IAD, though similar to KRS 500.110, is not the same.... For that reason, cases interpreting the IAD may not always be helpful in construing KRS 500.110...."). Therefore, we decline to hold that these similar, but not identical, statutes must be construed as if they were identical. We specifically decline to engraft KRS 440.460 onto the language of KRS 500.110. KRS 440.460 was enacted in 1974. 1974 Ky. Acts, ch. 219, § 2. KRS 500.110 was enacted four years later. 1978 Ky. Acts, ch. 78, § 7. If the General Assembly had intended for the IAD definition of "appropriate court" to apply to requests made pursuant to KRS 500.110, it knew how to do so. Its failure to do so is highly persuasive of a contrary intent.

Nor do we regard *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993), as abrogating *Huddleston, supra.* In *Fex*, the Court was interpreting the "delivery" requirement of the IAD and held that the 180–day period was not triggered until the "appropriate prosecuting official" physically received the prisoner's request. *Id.* at 52, 113 S.Ct. at 1091. The identity of the "appropriate prosecuting official" was not at issue in *Fex*; thus, that case has no application here and affords no basis for departing from the sound reasoning expressed in *Huddleston.*

## II. ALLEGED PREMATURE FILING.

 Appellants assert that Appellee's request for a final disposition is null be-

cause the request was filed prior to his indictment by the grand jury. Again, we disagree. As pointed out in *Huddleston, supra*, it is the filing of a detainer (not, *e.g.*, the issuance of an indictment) against the prisoner that triggers the application of KRS 500.110. 723 S.W.2d at 383. In fact, the General Assembly enacted KRS 500.110 for the ameliorative purpose of lessening the detrimental effect that detainers have on the prison population by requiring a court, upon request by a prisoner, to resolve untried indictments within 180 days so that the detainer may be lifted if the prisoner is found innocent of the charges. *Dunaway, supra*, at 566; *see also Huddleston, supra*, at 383 ("The purpose of [KRS 500.110] is not to ensure the speedy disposition of every charge.... Its purpose is to provide for the speedy disposition only of such charges as have actually resulted in a detainer being lodged."). Thus, a request for a final disposition is not premature under KRS 500.110 so long as the prisoner files it *after* a detainer has been lodged against him; otherwise, the request is treated as a motion for a speedy trial under the United States and Kentucky Constitutions. *Huddleston, supra*, at 383. Since Appellee filed his request after the district court lodged the detainer against him, his request was not premature and complied with the procedural requirements of KRS 500.110.

Appellants cite the federal Speedy Trial Act, 18 U.S.C. § 3161(c)(1), for the proposition that the right to a speedy trial does not arise until after an indictment has been issued. The Speedy Trial Act, however, has no relevance to our analysis of KRS 500.110. The Speedy Trial Act does not require either the existence of a detainer or a motion or request by the defen-

require analysis under the IAD as opposed to KRE 500.110.

dant in order to trigger its application. Further, it applies only to defendants charged by indictment or information (not by criminal complaint) unless the defendant specifically consents to trial before a magistrate.

Appellants' reliance on *State ex rel. Butler v. Cullen*, 253 So.2d 861 (Fla.1971) and *State v. Clark*, 28 Utah 2d 272, 501 P.2d 274 (1972), is also misplaced. While *Butler*, indeed, holds that a written demand for a speedy trial filed before indictment is a nullity, *id.* at 862, that case was interpreting a rule, Fla. R.Crim. P. 3.191, that applies only to persons "charged with a crime by indictment or information" (not by criminal complaint). And while *Clark* did make the same holding with respect to a statute, Utah Code Ann. § 77–29–1, that applied to persons "charged with a crime by indictment, information or complaint," *Clark* was subsequently abrogated by *State v. Moore*, 521 P.2d 556 (Utah 1974):

> After further consideration and examination of the statute we conclude that the 90–day period commences on the day the defendant notified the county attorney of his request for final disposition of a case or cases pending against him, and the filing of a complaint, information or indictment does not affect the commencement of that period.

*Id.* at 558. (Utah Code Ann. § 77–29–1 was subsequently amended and presently applies only to prisoners subject to "any untried indictment or information.")

In addition to *Moore, supra,* courts of other states with statutes containing language identical to KRS 500.110 have interpreted those statutes to not require the existence of an indictment as a prerequisite to a request for a final disposition. *E.g., People v. Lopez,* 41 Colo.App. 206, 587 P.2d 792, 795 (1978); *Brooks v. State,* 329 Md. 98, 617 A.2d 1049, 1053 (1993) (*citing, inter alia, Huddleston, supra*);

*State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 360 (Mo.1982) (en banc); *cf. Brimer v. State,* 195 Kan. 107, 402 P.2d 789, 793–94 (1965) (request made to court in which charges were not yet pending but to which charges were later transferred did not satisfy statute; detainee required to notify lower court from which detainer issued and where charges were pending at time of notice).

Finally, Appellants cite *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the seminal case with respect to a defendant's *constitutional* right to a speedy trial of the charges for which he is being held in pretrial detention. U.S. Const., amend. VI; Ky. Const. § 11. *Barker,* however, has no relevance to a prisoner's *statutory* right under KRS 500.110 to a speedy trial of another charge for which a detainer has been lodged against him. *Compare Gabow v. Commonwealth,* Ky., 34 S.W.3d 63, 69–70 (2000). *Barker* certainly does *not* hold that in order to preserve his constitutional right to a speedy trial a defendant must file his motion for final disposition twice simply because the government moves his case to another court.

Accordingly, the decision of the Court of Appeals granting the petition for a writ of prohibition against the Boyd Circuit Court is affirmed.

All concur.