Nathon DONAHOO, Appellant

v.

Ronnie G. DORTCH, Judge, Ohio Circuit Court, Appellee

and

Commonwealth of Kentucky, Real Party in Interest.

No. 2003–SC–0542–MR.

Supreme Court of Kentucky.

Feb. 19, 2004.

As Modified March 26, 2004.

Linda Roberts Horsman, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Ronnie C. Dortch, Judge, Ohio Circuit Court, Hartford, for Appellee.

Gregory D. Stumbo, Attorney General, Perry T. Ryan, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Real Party in Interest.

KELLER, Justice.

## I. INTRODUCTION

Appellant, Nathon[1] Donahoo, appeals as a matter-of-right[2] from an order of the Court of Appeals that denied his petition for extraordinary relief in which he sought a writ prohibiting his trial on a pending felony indictment. Appellant, who was serving a prison term at the time of the indictment, alleged that he was not brought to trial within one hundred and eighty (180) days after he filed a request pursuant to KRS 500.110 for trial on the indictment, and therefore, he asserts that he was entitled to a dismissal of the indictment. The Court of Appeals denied the petition finding (1) that Appellant failed to demonstrate that a detainer was lodged against him, and (2) that the purported

---

1. Appellant's first name is also spelled "Nathan" in the record.

2. CR 76.36(7)(a).

detainer was not lodged by the Commonwealth's Attorney as required by KRS 500.110. Although we disagree with the Court of Appeals's conclusion that only a prosecutorial authority can file a detainer, we hold that Appellant's petition failed to demonstrate his entitlement to the relief sought because the evidence in the record does not conclusively show either that a detainer was ever filed as to Appellant or that Appellant complied with the notice requirements of KRS 500.110. Accordingly, we affirm the Court of Appeals's denial of Appellant's petition.

## II. BACKGROUND

While incarcerated in the Roederer Correctional Complex (Roederer), Appellant was indicted in the Ohio Circuit Court on charges of First–Degree Escape, Third–Degree Assault, and for being a Second Degree Persistent Felony Offender (PFO). The indictment was returned on July 10, 2002, and a copy was sent to Roederer. Appellant was arraigned on the indictment on July 25, 2002, and his case was assigned for a pretrial conference on May 9, 2003 and for trial on May 14, 2003. On July 24, 2002, Roederer sent an acknowledgement to the trial court that it had "received your ORDER FOR APPEARANCE which we are using as a hold" but further stated, "[i]f you wish to file a detainer, please forward appropriate documents." Later, by undated notice, Green River Correctional Complex notified the trial court that Appellant "who is to appear in your court on May 9, 2003 ... [h]as a detainer and a court appearance" on the pending indictment.

On September 27, 2002, Appellant filed a pro se "MOTION FOR FINAL DISPOSITION OF UNTRIED INDICTMENT(S) PURSUANT TO KRS 500.110" wherein he requested "Final Disposition" of the pending indictment. Although no written order was entered by the trial court, Appellant claimed in his supplemental memorandum filed in the Court of Appeals that the trial court heard the motion on October 24, 2002 and overruled it on the record. He states that the trial court cited its crowded docket as the reason for its ruling. A copy of the record of the October 24, 2002 hearing was not included in the record before the Court of Appeals.

On April 8, 2003, Appellant's appointed lawyer filed a "MOTION TO DISMISS FOR FAILURE TO BRING TO TRIAL UNDER KRS 500.110" and as grounds for the motion, Appellant asserted that he had not been brought to trial within one hundred and eighty (180) days of his KRS 500.110 request filed on September 27, 2002. By order entered May 12, 2003, the trial court overruled Appellant's motion to dismiss stating, "[t]his Court has a large backlog of criminal cases in this county, and has routinely been setting said criminal cases for trial almost one year in advance in order to accommodate that backlog."

Appellant then filed a "PETITION FOR A WRIT OF PROHIBITION AND/OR MANDAMUS" in which he asked the Court of Appeals for extraordinary relief to prevent his trial in the Ohio Circuit Court on the pending indictment. With his petition for a writ, Appellant filed a motion for intermediate relief, which was granted pending resolution of Appellant's petition. In its response to Appellant's motion for intermediate relief, the Commonwealth did not contest Appellant's claim that a detainer had been lodged against Appellant and instead asserted "that the Commonwealth's Attorney's Office did not file a detainer against [Appellant], but another agency might have done so." Later, however, in its response to Appellant's petition, the Commonwealth raised the issue of whether a detainer had

actually been filed against Appellant. The Court of Appeals denied Appellant's petition finding that "based upon the record in this original action, we must find that [Appellant] has failed to demonstrate that a proper detainer was lodged against him at the institution where he was confined." The Court also ruled that the circuit court was not authorized to file a detainer because "[i]n a criminal prosecution, those officials charged by the Constitution and by statute with conducting the prosecution should be the ones to bind the Commonwealth." Appellant appealed the denial to this Court.

### III.  ANALYSIS

#### A.  WAS A DETAINER LODGED AGAINST APPELLANT?

■ To answer the question of whether Appellant has demonstrated that a detainer was filed, we must first determine what constitutes a "detainer." Our research has failed to find a definition for "detainer," as used in the context of KRS 500.110, in either Kentucky's statutory or case law. Interestingly, neither the Interstate Agreement on Detainers (hereinafter IAD) nor the Uniform Mandatory Disposition of Detainers Act (hereinafter UMDDA) contain a definition for detainer. For the purpose of establishing a procedure to carry out the provisions of the IAD, however, the Kentucky Department of Corrections has adopted a definition for detainer:

"Detainer" means a written notification filed by a criminal justice or law enforcement agency with the institution where an inmate is serving a sentence, advising that the inmate is wanted in connection with a criminal offense, and requesting the institution to hold the inmate or to notify the agency when the inmate is about to be released. The detainer may have documents attached in support, such as an indictment or other charging instruments, a court bench warrant, a parole violation warrant, or an escape warrant. A Writ of Habeas Corpus Ad Prosecundum or a Writ of Habeas Corpus Ad Testificundum issued by a Federal Court is not a detainer.[3]

And, in *Fex v. Michigan*,[4] the United States Supreme Court, in an IAD case, described a "detainer" as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent.".[5] In *Tucker v. United States*,[6] the District of Columbia Court of Appeals offered further guidance as to the nature of a detainer:

[A]n arrest warrant will serve as a detainer within the purview of the IAD if: 1) it is based on an untried information, indictment, or complaint; 2) it is filed by a criminal justice agency; 3) it is filed directly with the facility where a prisoner is incarcerated; 4) it notifies prison officials that a prisoner is wanted to face pending charges; and 5) it asks the institution where the prisoner is incarcerated either to hold the prisoner at

---

3.  Kentucky Corrections, Policies and Procedures, Policy Number 18.17 (eff. February 17, 1995).

4.  507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993).

5.  *Fex*, 507 U.S. at 44, 113 S.Ct. 1085. *Accord Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985) ("A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.").

6.  569 A.2d 162 (D.C.1990).

the conclusion of the prisoner's sentence, or to notify agency officials when the prisoner's release is imminent. Where all five of these criteria are satisfied, an arrest warrant is plainly "lodged" as a detainer, and the provisions of the IAD come into play.[7]

Although each of the above authorities address the definition of "detainer" in the context of the IAD, we find those definitions well-suited for application to KRS 500.110.

The limited record before us demonstrates only that Roederer received from the circuit court a copy of the felony indictment against Appellant, one of its inmates. In particular, there is no evidence in this record that any criminal justice agency ever asked a Kentucky correctional institution where Appellant was incarcerated to hold Appellant at the conclusion of his sentence and/or to notify it when Appellant's release was imminent. Accordingly, we agree with the Court of Appeals's conclusion that Appellant has failed to prove that a detainer was lodged against him, and thus has not demonstrated his entitlement to the relief he seeks.

### B. MAY A COURT PLACE A DETAINER?

■ Under the definitions of "detainer" set forth in this opinion, it is clear that either the district or circuit court may file a detainer against an inmate. Although the judicial system is an independent branch of government, the courts are part of the larger criminal justice system, which includes both executive and judicial agencies. And, in fact, most intrastate detainers are placed by clerks and sheriffs without the intervention of Commonwealth's Attorneys. Our observation in that regard

is not intended as criticism of Commonwealth's Attorneys, but as an acknowledgment of how the criminal justice system works in the placing of detainers. Recently, in *Rosen v. Watson*,[8] this Court noted that the detainer there was placed by the district court.[9] Accordingly, we hold that the Court of Appeals erred in holding that the court could not lodge a detainer against Appellant.

### C. NOTICE OF APPELLANT'S REQUEST

Both in its response to Appellant's motion for intermediate relief and in its response to the petition itself, the Commonwealth asserted that Appellant had failed to serve notice upon the Commonwealth's Attorney of his request for final disposition under KRS 500.110. The statute clearly requires that written notice be served on the Commonwealth's Attorney:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in any jurisdiction of this state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after *he shall have caused to be delivered to the prosecuting officer* and the appropriate court of the prosecuting officer's jurisdiction *written notice of* the place of his imprisonment and *his request for a final disposition to be made of the indictment,* information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present,

---

7. *Id.* at 165.

8. Ky., 103 S.W.3d 25 (2003).

9. *Id.* at 28 ("The detainer was lodged against Appellee by the Boyd District Court.").

the court having jurisdiction of the matter may grant any necessary or reasonable continuance.[10]

No certificate of service of Appellant's petition is contained in the record, and the Commonwealth's Attorney filed an affidavit in support of the Commonwealth's claim that Appellant failed to serve the Commonwealth's Attorney with the request. In his affidavit, the Commonwealth's Attorney states: "I have reviewed my file in the underlying felony case .... I find no record in my file of receiving service of the *pro se* motion of the defendant for disposition of his case in Ohio County. It is the regular practice and procedure of my office to file pleadings in the appropriate file and the only copy in the file is that provided by the petitioner as an exhibit in the Court of Appeals pleadings."

Under KRS 500.110, Appellant had the burden of establishing service on the Commonwealth's Attorney of his request for final disposition,[11] and he has failed to meet that burden. Accordingly, Appellant has failed to demonstrate his entitlement to the relief he seeks, and the Court of Appeals thus correctly denied Appellant's petition for extraordinary relief.

## IV. CONCLUSION

For the above reasons, we affirm the Court of Appeals's order denying Appellant's petition and dissolving the temporary stay of Appellant's trial.

All concur.

---

10. KRS 500.110 (emphasis added).

11. CR 43.01(1).