# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 18, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0225-MR

JAMES LANG          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-1477
JEFFERSON CIRCUIT COURT
NO. 12-CR-003625

HONORABLE ERIC HANER, JUDGE,          APPELLEE
JEFFERSON CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY      REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This is an appeal from the Court of Appeals' decision denying a writ of prohibition to the Jefferson Circuit Court. James Lang, the Appellant, sought the writ to require the Jefferson Circuit Court to dismiss his indictment for receiving stolen property over $500 but under $10,000 and giving a peace officer a false name or address. Lang's basis for the writ is the indictment was issued in 2012 and since that time he has not been brought to trial, i.e., his right to a speedy trial under the 6th Amendment of the U.S. Constitution and Section 11 of Kentucky's Constitution has been violated. The Court of Appeals denied the writ first, because the record did not demonstrate Lang had ever asserted his right to speedy trial to the trial court nor did the record disclose

any reasons which might justify the delay; and second, because violations of a speedy trial right are remediable by direct appeal. We affirm.

## I.     Facts and Procedural Posture

Lang was arrested on September 15, 2012. He was incarcerated in the Louisville Metro Department of Corrections. On November 28, 2012, the Commonwealth in Jefferson Circuit Court obtained an indictment against Lang for receiving stolen property over $500 and under $10,000, and for giving a peace officer a false name or address. This indictment was unrelated to his September arrest. Lang asserts a detainer has been in place against him since November 28, 2012, on this indictment. The Commonwealth, however, has noted Lang is currently serving a twenty-year sentence for escape and being a persistent felony offender in the first degree. *See Lang v. Commonwealth*, No. 2020-SC-0045-MR, 2022 WL 574453 (Ky. Feb. 24, 2022). On January 5, 2021, Lang filed for a writ of prohibition in the Court of Appeals based on the violation of his right to speedy trial.

The Court of Appeals noted the approximately eight-year delay in bringing Lang to trial is presumptively prejudicial, but concluded

> based on the limited record in this matter, there is no information before this Court with respect to the reasons for the delay or whether the petitioner has asserted his right to a speedy trial in the Jefferson Circuit Court. Accordingly, this Court holds that petitioner has failed to demonstrate a violation of his right to a speedy trial which necessitates the issuance of a writ of prohibition.

> Further, appellant would have a remedy by appeal if he is convicted in this matter.

> We now address the merits of the appeal.

## II.    Standard of Review

There are two classes of writs of prohibition. The first class involves those matters when a circuit court is alleged to be acting outside or beyond its jurisdiction. The second class involves issues when a circuit court is alleged to be acting erroneously within its jurisdiction. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2001). In the seminal decision of *Hoskins v. Maricle*, we held

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004), *as modified on denial of reh'g* (Dec. 16, 2004). "One seeking a writ when the lower court is acting 'outside of its jurisdiction' need not establish the lack of an adequate alternative remedy or the suffering of great injustice and irreparable injury." *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009). On the other hand, we have stringently emphasized that, as to the second class of writs, lack of an adequate remedy by appeal is "the one requirement that is set in stone and unavoidable." *Gilbert v. McDonald-Burkman*, 320 S.W.3d 79, 85 (Ky. 2010).

A denial of writ is reviewed by this Court for an abuse of discretion. "That is, we will not reverse the lower court's ruling absent a finding that the determination was arbitrary, unfair, or unsupported by sound legal principles."

3

*Appalachian Racing, LLC v. Commonwealth,* 504 S.W.3d 1, 3 (Ky. 2016) (internal citation and quotation omitted).

### III.    Analysis

The Court of Appeals' secondary holding that Lang did not lack an adequate remedy by appeal demonstrates the lower court analyzed Lang's petition for a writ under the second class of writs. We agree with the lower court that the paucity of evidence and available remedy on appeal precludes issuing the writ.

The lower court cited *Goncalves v. Commonwealth,* 404 S.W.3d 180 (Ky. 2013), *Tackett v. Commonwealth,* 445 S.W.3d 20 (Ky. 2014), and *Henderson v. Commonwealth,* 563 S.W.3d 651 (Ky. 2018), to demonstrate that speedy trial violations are considered on direct appeal. There is no need for extrapolation. Appellate courts may remedy violations of the right to speedy trial on direct appeal and that remedy precludes a writ of prohibition of the second class. *Gilbert,* 320 S.W.3d at 85.

We also cannot say the Court of Appeals abused its discretion in determining the record was not developed enough to sustain issuance of the writ. "[A]ny inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case[.]" *Barker v. Wingo,* 407 U.S. 514, 522 (1972). Having reviewed the record, Lang has not attached anything which might tend to prove that he has ever asserted his desire for a speedy trial to the trial court, orally or written; nor is there any record that the trial court has ever considered such a motion and rejected it. *See Smith v. Com.,* 636

S.W.3d 421, 445 (Ky. 2021) (noting assertion of speedy trial right both orally and in writing is a factor to consider in analysis). He has not attached a motion to dismiss for violations of said right either. There is no attachment from the trial court record of any kind. "[I]t is an appellant's burden to present a complete record and to establish that an error is preserved for our review." *Early v. Commonwealth*, 470 S.W.3d 729, 734 (Ky. 2015). The Court of Appeals did not abuse its discretion in declining to issue the writ based on an insufficient record.

Finally, we briefly note Lang's statutory right to a speedy trial under KRS[1] 500.110. Lang never cited to this statute in his petition before the Court of Appeals, and he cites it only once before this Court merely to highlight the egregiousness of the delay of his trial. But even if we could say the Court of Appeals should have analyzed the petition under the auspices of KRS 500.110, we still would affirm for the lack of a record because there is no proof of a detainer, no proof a request for speedy trial was made to the trial court nor notice of said request being sent to the Commonwealth. *See Spivey v. Jackson*, 602 S.W.2d 158 (Ky. 1980); *Donahoo v. Dortch*, 128 S.W.3d 491 (Ky. 2004).

The Court of Appeals is affirmed.

All sitting. All concur.

---

[1] Kentucky Revised Statutes.

COUNSEL FOR APPELLANT:

James Lang, *pro se*

APPELLEE:

Hon. Eric Haner, Judge
Jefferson Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST:

Daniel Cameron
Attorney General of Kentucky

Jeanne Anderson
Special Assistant Attorney General